**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Morgan Conley, Appellant,

v.

April Morganson, Respondent.

Appellate Case No. 2019-001533

---

Appeal From Richland County
Clifton Newman, Circuit Court Judge

---

Unpublished Opinion No. 2022-UP-115
Submitted February 1, 2022 – Filed March 23, 2022

---

**AFFIRMED**

---

Jeff D. Griffith, III, and Richard L. Whitt, both of Whitt Law Firm, LLC, of Irmo, for Appellant.

S. Jahue Moore, Jr., of Moore Bradley Myers Law Firm, of West Columbia, for Respondent.

---

**PER CURIAM:** Morgan Conley appeals the circuit court's order granting an involuntary non-suit against her pursuant to Rule 41, SCRCP. On appeal, Conley argues the circuit court erred in making certain statements during the hearing and finding she received sufficient notice pursuant to section 27-40-240(B)(3) of the South Carolina Code (2007). We affirm pursuant to Rule 220(b), SCACR.

We hold Conley received sufficient notice when she received an email communication from her landlord.  *See* S.C. Code Ann. § 27-40-240(A) (2007) ("A person has notice of a fact if: (1) *the person has actual knowledge of it*; (2) the person has received a notice or notification of it; or (3) from all the facts and circumstances known to him at the time in question he has reason to know that it exists.  A person 'knows' or 'has knowledge' of a fact if he has actual knowledge of it." (emphasis added)); S.C. Code Ann. § 27-40-240(B) (2007) ("A person 'notifies' or 'gives' a notice or notification to another person by taking steps reasonably calculated to inform the other in ordinary course whether or not the other actually comes to know of it."); S.C. Code Ann. § 27-40-240(B)(1) (2007) ("A person 'receives' a notice or notification when . . . it comes to his attention.").  We further hold any error in the making of certain statements at the hearing was harmless because Conley had sufficient notice.  *See Snyder's Auto World, Inc. v. George Coleman Motor Co., Inc.*, 315 S.C. 183, 186, 434 S.E.2d 310, 312 (Ct. App. 1993) (stating an appellant must show both error and prejudice).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.